```
 1  BRIAN J. STRETCH (CABN 163973)
    United States Attorney
 2  SARA WINSLOW (DCBN 457643)
    Chief, Civil Division
 3  MICHELLE LO (NY Bar No. 4325163)
    Assistant United States Attorney
 4         450 Golden Gate Avenue, Box 36055
           San Francisco, California 94102
 5         Telephone: (415) 436-7180
           Facsimile:  (415) 436-6748
 6         Email:  Michelle.Lo@usdoj.gov

 7  Attorneys for Defendant
    U.S. Department of Education
 8
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>JESSICA JUSTINE TIMES,<br><br>            Debtor.<br><br>_____<br><br>JESSICA JUSTINE TIMES,<br><br>            Plaintiff.<br><br>    v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>            Defendant. | Case No. 16-10417 AJ<br><br><br><br><br><br><br><br>Adversary Proceeding No. 16-03063<br><br>**U.S. DEPARTMENT OF EDUCATION'S ANSWER TO THE COMPLAINT** |

Defendant, the United States Department of Education ("Defendant"), by and through its undersigned attorneys, hereby responds to the following unnumbered paragraphs of Plaintiff's Complaint dated June 15, 2016:

# I. INTRODUCTION[1]

1. As to Paragraph 1 (first paragraph on page 1), Defendant admits that Plaintiff is indebted to it on account of student loans she obtained from, or were reinsured by, the U.S. Department of Education, and that Plaintiff is proceeding *pro se* in this action. Defendant further admits that Plaintiff has brought this adversary proceeding to seek a discharge of her student loan obligations, but avers that the Plaintiff's debt due the Defendant is not dischargeable under 11 U.S.C. § 523(a)(8).

# II. PARTIES

2. As to Paragraph 2 (second paragraph on page 1), Defendant admits the allegations in this paragraph.

3. As to Paragraph 3 (first paragraph on page 2), Defendant admits the allegations in this paragraph.

# III. STATEMENT OF FACTS

### A. Plaintiff's Educational Debt

4. As to Paragraph 4 (second paragraph on page 2), Defendant admits that Plaintiff is indebted to it on account of student loans she obtained from, or were reinsured by, the U.S. Department of Education. Defendant affirmatively states that, as of July 10, 2016, the amount of Plaintiff's indebtedness is about $39,378.32. Defendant is without sufficient knowledge or information at this time to admit or deny the remaining allegations in this paragraph and on that basis denies the allegations.

### B. Plaintiff's Post-Graduate Employment

5. As to Paragraph 5 (third paragraph on page 2), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

6. As to Paragraph 6 (fourth paragraph on page 2), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

---

[1] Defendant has included some of the headings in the complaint simply to assist in reading the pleadings and does not admit the accuracy of those headings. Defendant has also numbered the paragraphs of the complaint for ease of reference.

7.  As to Paragraph 7 (first paragraph on page 3), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

8.  As to Paragraph 8 (second paragraph on page 3), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

9.  As to Paragraph 9 (third paragraph on page 3), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

10. As to Paragraph 10 (first paragraph on page 4), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

11. As to Paragraph 11 (second paragraph on page 4), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

**C.  Plaintiff's Future Income and Employment Prospects**

12. As to Paragraph 12 (third paragraph on page 4), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

13. As to Paragraph 13 (fourth paragraph on page 4), the allegations in the last sentence of this paragraph contain conclusions of law to which no response is required.  To the extent a response to the legal conclusions may be deemed to be required, deny.  Defendant is without sufficient knowledge or information at this time to admit or deny the remaining allegations in this paragraph and on that basis denies the allegations.

**IV.  CLAIMS FOR RELIEF**

14. As to Paragraph 14 (first paragraph on page 5), the allegations in this paragraph contain conclusions of law to which no response is required.

15. As to Paragraph 15 (second paragraph on page 5), the allegations in the last sentence of this paragraph contain conclusions of law to which no response is required. To the extent a response to the legal conclusions may be deemed to be required, deny. Defendant is without sufficient knowledge or information at this time to admit or deny the remaining allegations in this paragraph and on that basis denies the allegations.

16. As to Paragraph 16 (third paragraph on page 5), the allegation in the first sentence of this paragraph regarding Plaintiff's socioeconomic status contains a conclusion of law to which no response is required. To the extent a response to the legal conclusion regarding Plaintiff's socioeconomic status may be deemed to be required, deny. Defendant denies the allegations in the second sentence of this paragraph, and avers that the repayment plan is the best evidence of its contents. Defendant is without sufficient knowledge or information at this time to admit or deny the remaining allegations in this paragraph and on that basis denies the allegations.

17. As to Paragraph 17 (first paragraph on page 6), Defendant admits that Plaintiff has made some payments on the student loan debt due the Defendant, and avers that the repayment history is the best evidence of its contents. Defendant otherwise denies the remaining allegations in this paragraph.

18. As to Paragraph 18 (second paragraph on page 6), Defendant denies the allegations in this paragraph.

19. As to Paragraph 19 (third paragraph on page 6), Defendant denies the allegations in this paragraph.

## V. CONCLUSION AND PRAYER FOR RELIEF

20. As to Paragraph 20 (fourth paragraph on page 6), the allegations in this paragraph contain Plaintiff's prayer for relief to which no response is required. To the extent a response may be deemed to be required, Defendant denies the allegations set forth therein, and denies that Plaintiff is entitled to the relief she seeks. Defendant affirmatively alleges that the Plaintiff's debt due the Defendant is not dischargeable under 11 U.S.C. § 523(a)(8).

21. As to Paragraph 21 (first paragraph on page 7), Defendant is without sufficient knowledge or information at this time to admit or deny the allegations in this paragraph and on that basis denies the allegations.

22. As to Paragraph 22 (second paragraph on page 7), Defendant denies the allegations in the first sentence of this paragraph and affirmatively alleges that the Plaintiff's debt due the Defendant is not dischargeable under 11 U.S.C. § 523(a)(8).

# PRAYER

Defendant U.S. Department of Education prays for judgment as follows:

1. That the Court dismiss the above-entitled action;

2. That the Court deny the Plaintiff's request for relief;

3. That the Court find that excepting the Plaintiff's student loan debts due the Defendant U.S. Department of Education would not impose an undue hardship on the Plaintiff and any dependents;

4. That the Court award the U.S. Department of Education reasonable attorney's fees and costs; and

5. That the Court award the U.S. Department of Education such other and further relief as the Court deems just and equitable.

DATED: July 22, 2016                    Respectfully submitted,

                                        BRIAN J. STRETCH
                                        United States Attorney

                                        /s/ *Michelle Lo*
                                        MICHELLE LO
                                        Assistant United States Attorney

                                        Counsel for Defendant U.S.
                                        Department of Education

U.S. DEPARTMENT OF EDUCATION'S ANSWER TO COMPLAINT
AP NO. 14-04161